MARTHA C. LAWRIE V. LININGER & METCALF COMPANY.

FILED MARCH 22, 1906. No. 14,238.

Trial: REVIEW. Upon an examination of the record, it is *held* that the matters in issue were fairly submitted to the jury upon the evidence.

ERROR to the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed.*

*M. S. Gray, Charles H. Sloan* and *F. W. Sloan,* for plaintiff in error.

*R. S. Mockett, T. C. Marshall, W. J. Birkner* and *O. C. Torgerson, contra.*

AMES, C.

Lininger & Metcalf Company, plaintiff below, was a corporation engaged in the sale of agricultural implements and machinery at Omaha, Nebraska, and the defendant below, Martha C. Lawrie, was its agent for the sale of such goods at Davenport, Nebraska, her husband, J. W. Lawrie, having general charge and conduct of her business. One Vanskiver made a written order or application for the purchase of a threshing machine outfit for the specified price, in the aggregate, of $1,072, with a direction that the same should be shipped to him at Davenport by rail and in the care of the defendant Martha C. Lawrie. The order or application was for-

warded to the plaintiff, and the machinery shipped in compliance therewith, but was lost or destroyed in course of transportation by means of a railroad wreck. At the suggestion of the plaintiff and by agreement between it and J. W. Lawrie, the latter presented a claim in the name of the defendant against the railroad company for the value of the machine, and received from that company on account of the transaction $882 which was turned over to the defendant, but no part of which has been remitted to the plaintiff. This action was brought by a petition alleging a sale and delivery of the property by the plaintiff to the defendant for the agreed price of $1,072, and giving the defendant credit on account of the sale for several items, aggregating $380.15, and praying for judgment for a balance of $691.15. The items conceded by the petition as credits were certain sums in the nature of discounts from the sale price of the machine, an item of commission on the sale of another machine sold to Vanskiver to replace the one destroyed, and a balance due from the plaintiff to the defendant on general account arising out of unspecified transactions. The answer denies each and every allegation in the petition, except as specifically admitted to be true, but makes no specific admission, except that the plaintiff is indebted to the defendant in an item of $69.70 credited in the petition, but denies that this indebtedness accrued in the manner alleged in the petition, and alleges that the plaintiff is indebted to the defendant in the sum of $189.72 "on general account," making a total of $259.42, for which judgment is prayed as upon a set-off. There is no reply in the record, but the case seems to have been tried as though there had been one, and no advantage because of its absence is sought in this court. There was a trial to a jury, which resulted in a verdict for the plaintiff for the sum sued for, with interest, and the defendant prosecutes error.

No evidence was offered by either party touching the items of credits and set-off, but the whole controversy at

the trial seems to have been over the question whether the transaction between the parties, considered as a whole, did not amount to, and was not treated and understood by them as, a sale and delivery of the machine by the plaintiff to Mrs. Lawrie instead of to Vanskiver, whose name alone was signed to the written order or application for it. It is not contended that that issue was not fairly submitted by the court to the jury by instructions, except that the defendant complains in this proceeding that the court refused to instruct the jury, in effect, that the transaction did not amount to a sale, unless the defendant had been shown by the evidence to have authorized her husband to present the claim in her name as owner of the machinery against the railroad company. But it appears that the defendant knew of the transaction at the time, or soon after, and apparently acquiesced in it, the money derived from it finally coming into her hands, and the court instructed the jury generally that the defendant was not bound by any act of her husband as her agent which it did not appear from the evidence that he had authority from her to do, and we think the defendant was not entitled to have the particular act in question singled out and dwelt upon as though the right of recovery was solely dependent upon previous express authority for doing it. It was proper, we think, that the jury should be instructed, as was done, to consider all the evidence touching the relations and conduct of the parties having a tendency to show their intentions and their contract obligations, if any, implied thereby.

We recommend that the judgment be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.